ALBANY GENERAL TERM, January, 1848. *Harris, Paige, and Parker,* Justices.

## HALLOCK *vs.* MILLER.

A plaintiff who brings an action for slander, by which he lost his customers in trade, cannot prove that any persons not named in his declaration left off dealing with him in consequence of the words spoken.

And *it seems* that the customers themselves are the only proper witnesses of the fact; and that their declarations cannot be proved.

No evidence can be received, in an action of slander, of any loss or injury which the plaintiff has sustained by the speaking of the words, unless it be specially stated in the declaration.

And this rule applies equally to the case where the special damage is the gist of the action, and where the words are actionable per se.

Where the words are not actionable per se, the plaintiff, in order to recover, must not only state in his declaration special damage as the result of the speaking of the words, but he must also prove that the special damage alleged was exclusively the consequence of the words.

*It seems,* if words do not import either an illegal or immoral act, and would not, if written and published, be libellous, that an action would not lie, although a loss or injury should be the consequence of the speaking of the words.

THIS was a motion to set aside a nonsuit, and for a new trial in an action of *slander.* The words charged in the declaration were, " He [the plaintiff] is engaged in serving writs upon the anti-renters and catching indians," &c. The plaintiff alleged, that in consequence of the speaking of the words by the defendant, divers persons, being anti-renters, refused to stop at his tavern as customers, and especially one Clark Bush, Rufus Townsend, Alanson Hagedorn, and one Russel, and divers

Hallock *v.* Miller.

other persons. On the trial, Hagedorn was called by the plaintiff to prove the special damage laid in the declaration. He testified that he could not tell whether he first heard the reports about the plaintiff's serving writs upon the anti-renters, at the defendant's, or at general training; he thought it was at general training. He also testified it was not wholly in consequence of the words spoken by the defendant, that he ceased stopping at the plaintiff's tavern, but that it was partly in consequence of what the defendant said, and partly in consequence of what others said. The plaintiff offered to prove, by this witness, that other persons, not named in the declaration, after the speaking of the words by the defendant, refused to stop at plaintiff's. This evidence was rejected. The circuit judge nonsuited the plaintiff, and intimated an opinion that the words proved, although accompanied by special damage, were not actionable.

*M. Sanford*, for the plaintiff.

*L. Tremain*, for the defendant.

*By the Court*, PAIGE, J. The evidence that persons, not mentioned in the declaration, had refused to patronize plaintiff's tavern, in consequence of the speaking of the words by the defendant, was clearly inadmissible. The plaintiff could not prove that any persons, not named in his declaration, left off stopping at his house, in consequence of the words spoken. The rule is so laid down in 2 *Phil. Ev.* 248, and in *Hartley* v. *Herring*, (8 *Term Rep.* 133.) In *Hartley* v. *Herring* Lord Kenyon says, that a plaintiff who brings an action for slander, by which he lost his customers in trade, ought, in his declaration, to state the names of those customers, in order that the defendant may be enabled to meet the charge if it be false. And it seems that the persons who left off dealing with the plaintiff, were the proper witnesses of the fact, and that their declarations could not be proved. (*Tilk* v. *Parsons*, 2 *Carr. & Payne*, 201.) The nonsuit was granted upon the ground that the

Hallock *v.* Miller.

special damage proved was not wholly attributable to the words spoken by the defendant, but only partly to such words and partly to words spoken by other persons.

No evidence in an action of slander can be received of any loss or injury which the plaintiff has sustained by the speaking of the words, unless it be specially stated in the declaration. (2 *Phil. Ev.* 248. *Herrick* v. *Lapham*, 10 *John.* 281.) The object of this rule is to prevent the defendant's being taken by surprise. (1 *Hall's Super. Ct. Rep.* 412, *per Ch. Jus. Jones.*) And the rule applies equally to the case where the special damage is the gist of the action, and where the words are actionable per se. (*Per Oakley, J. Id.* 419. 1 *Saund.* 243, *b. N. S.*) Where the words are not actionable per se, the plaintiff, to recover, must not only state in his declaration special damage, as the result of the speaking of the words, but he must prove that the special damage alleged was wholly and exclusively the consequence of the words. In *Beach* v. *Ranney*, (2 *Hill*, 314,) Bronson, C. J. says, " the damage must be the natural and immediate consequence of the speaking of the words." In *Keen* v. *Wilcocks*, (8 *East*, 3,) Lord Ellenborough indicates the opinion, that the special damage must proceed wholly from the words spoken. And he held, in that case, that where there was a concurrent cause of the injury, the action could not be sustained. The same opinion is expressed by Mr. Justice Beardsley, in 3 *Denio*, 352. The defendant is not responsible for a greater measure of damages than flows necessarily from his wrongful acts. ( *Ward* v. *Weeks*, 7 *Bing.* 211, *per Tindall, C. J.*) I think, therefore, that the plaintiff was properly nonsuited.

I am also inclined to the opinion that the words uttered by the defendant were not actionable, although accompanied by special damage. The words do not import either an illegal or immoral act. If the words had been written and published, I question whether an action of libel could have been sustained. It would have been difficult to make out that such writing came within the definition of a libel. It certainly would not have been a censorious or ridiculing writing, tending to blacken the reputation of the plaintiff, or to expose him to public hatred, contempt

or ridicule. It cannot be maintained that an action of slander will lie for speaking words, which charge an act both legal and praiseworthy, although a loss or injury may be the consequence of the words.

The motion to set aside the nonsuit must be denied.

