(27 Misc. Rep. 222.)

### LIPPITT v. ST. LOUIS DRESSED BEEF & PROVISION CO.

(Supreme Court, Appellate Term.   April 21, 1899.)

1. PRINCIPAL AND AGENT—EXISTENCE OF RELATION—EVIDENCE.
    Defendant admitted that one purporting to act as its agent in the em-ployment of plaintiff's assignor, an architect, was its general agent and manager, and that he had authority to execute a contract for the erec-tion of a building in accordance with plans drafted by the architect; and the evidence showed that the agent had, on behalf of defendant, author-ized another to do the same work for which plaintiff sought to recover, and that no person other than the alleged agent had authority to employ the architect.   Held, that a finding that the agent had authority to contract for such services was supported.
2. EVIDENCE—CONVERSATIONS BY TELEPHONE.
    Evidence of a conversation is not incompetent because it was over a telephone.
3. TRIAL—EVIDENCE—MOTION TO STRIKE.
    An exception to a ruling on a motion to strike out evidence is unavailing unless the motion specifies the ground of objection.
    MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Fourth dis-trict.

Action by James B. Lippitt against the St. Louis Dressed Beef & Provision Company. From a judgment in favor of plaintiff, defendant appealed. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

. James T. Williamson, for appellant.

Edward Swann, for respondent.

LEVENTRITT, J. This action was brought on an assigned claim to recover the value of services rendered. The plaintiff contends that one J. G. Glover, an architect, pursuant to employment by the defendant, prepared, at an agreed compensation, certain plans and specifications for the extension of a building occupied by the defendant. The verified answer is, in effect, a general denial. The judgment in favor of the plaintiff is assailed on two grounds: First, for the failure of proof to establish employment; and, secondly, for the erroneous admission of a conversation over the telephone.

1. The defendant is a foreign corporation. One Louis De Casse was its resident general manager and agent, and it is through him that the plaintiff insists that the contract was made. While not conceding employment, the defendant contends that there was no proof of authority in De Casse to bind it. The rendition of the services was not challenged, and as the justice found, upon satisfactory evidence, that the contract of services was made with De Casse, representing the defendant, the only question for us to determine on this branch of the appeal is whether that contract was binding on the principal. The record discloses ample authority in the agent. The defendant formally admitted that De Casse was its general agent and manager in New York, and that he had a right to execute, in its behalf, a certain agreement, which was introduced in evidence, and which provided for the erection of a building in accordance with the plans and specifications furnished by plaintiff's assignor. This agreement is signed, "Louis De Casse, Man'g Agt. St. Louis Dressed Beef and Provision Co." Moreover, to rebut proof of Glover's employment, De Casse testified that he authorized, on behalf of the defendant corporation, one Farrell to perform the identical work for the value of which plaintiff seeks recovery, thus asserting his authority to make a contract for architect's services. This evidence of the power of De Casse is supplemented by the following implied admission, made by him on his direct examination: "Q. Did anybody in the employ of the company have any authority to employ him [Glover] outside of yourself? A. Under no circumstances." These several facts are, in our opinion, entirely sufficient to prove authority in De Casse to bind the defendant on the contract upon which the plaintiff relies.

2. The defendant's contention as to the erroneous admission of the conversation over the telephone is without merit. Its counsel moved to strike out Glover's testimony of a conversation had with De Casse or other employés of the defendant. He assigned no grounds for the motion, and, as such conversations are not in their nature incompetent (Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882) the failure to spec-

ify the objection, and thereby afford the plaintiff an opportunity to obviate it, renders the exception unavailable. Bergmann v. Jones, 94 N. Y. 51. The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondent.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). Limited admissions by counsel upon and for the purposes of the trial that one De Casse was the defendant company's general manager and agent in the business of selling dressed beef, and that he had authority to sign a specific contract for the construction of a building, coupled with the fact that the company practically ratified an arrangement by him with another architect, do not seem sufficient to establish authority to make the contract in question, respecting which the defendant denies both authority and agreement. Nor may any such authority be made out by implied admissions of the alleged agent. Dealing with an assumed agent, the plaintiff's assignor was bound at his peril to ascertain, not only the fact of the agency, but also the extent of the authority, and in this controversy the burden of proof was upon the plaintiff to establish both. Mechem, Ag. § 276.

The judgment should be reversed.