(30 Misc. Rep. 232.)

### CRUIKSHANK v. BENNETT.

(Supreme Court, Special Term, Kings County.   January, 1900.)

LIBEL—BILL OF PARTICULARS—SPECIAL DAMAGES.

> Plaintiff in an action to recover damages for a libel charging him with adultery alleged in his complaint that by reason thereof he was greatly injured in his vocation of physician, and was subjected to public contumely and humiliation, and experienced much pain and mental suffering, to his damage in a specified sum.   *Held* that, since the complaint charges the publication of words libelous per se, it is not necessary for plaintiff to show special damages, and hence a motion requiring plaintiff to specify in what manner he was injured in his vocation as a physician, and to furnish defendant with the names of patients whose patronage had been affected by the publication, is properly denied.

Action by William J. Cruikshank against James Gordon Bennett to recover damages for the publication of an alleged libel.   Defendant moves for an order requiring plaintiff to file a bill of particulars specifying in what manner he was injured by the publication of said libel.   Motion denied.

Action for damages for libel.   Motion by the defendant for a bill of particulars "which shall specify and show how and in what manner the plaintiff was injured in his vocation as physician, stating the names and addresses of any and all persons who had dealt with him or been his patients or who had employed him in his vocation of physician and who have been affected in any way by reason of the said alleged libel."   The publication is claimed to be libelous in that it imputes an act of adultery to the plaintiff, a physician.   The allegation of damage is "That by reason of said publication this plaintiff was greatly injured in his vocation of physician, and was subjected to public contumely and humiliation and experienced much pain and mental suffering, to his damage $25,000."

Robert W. Candler, for the motion.
W. M. Rosebault, opposed.

GAYNOR, J.   This motion seems to arise out of a misunderstanding of the law of evidence and of pleading in respect of damage in actions for libel.   A publication in writing which the law presumes must do damage is called a libel per se.   No special damage need be alleged in the complaint or proved to maintain an action thereon. An allegation of general damage to reputation or to business, or to both, suffices.   Special damage may, however, be pleaded and proved in such an action and recovered in addition to general damage.   A publication in writing which the law will not presume must do damage is not a libel unless it does special damage;  and an action cannot be maintained upon it at all unless special damage is alleged in

the complaint and proved. General damage cannot be recovered in such an action, but only special damage, and if the latter be not pleaded no cause of action is stated. In order to prove special damage in an action for either kind of libel, it must be specifically alleged in the complaint. For example, if loss of marriage, or of patients, clients, customers or contracts be claimed, the names and particulars must be stated therein. Odgers, Lib. & Sland. 308–318; Hallock v. Miller, 2 Barb. 630. This rule of pleading is one so long established and understood in England and here that we do not find it questioned, unless now and then unintentionally here in recent decisions not deemed authoritative. In American Multiple Fabric Co. v. Eureka Fire-Hose Co., 18 Abb. N. C. 70, the learned judge said that "the averment [in the complaint] that the plaintiff has lost many sales and profits which it would have made in its business but for the defendant's acts," was "an averment of special damage which the plaintiff need not have made, but having chose to make it must particularize." But was not the contrary the case? For not particularizing, the allegation was not a sufficient allegation of special damage, and no evidence could be given under it. Childs v. Tuttle, 48 Hun, 228. Why then a bill of particulars under it? It would be as reasonable to make a plaintiff give a bill of particulars of the facts constituting the fraud under a mere general allegation in the complaint of fraud, which is insufficient. In the case at bar, if the words impute adultery they are libellous per se. A written charge of adultery against man or woman always was libellous per se. The strange intimation to the contrary in the dissenting opinion in the Gates Case, 155 N. Y. 234, 49 N. E. 770, is the first that seems ever to have been made. Cady v. Publishing Co., 23 Misc. Rep. 409, 51 N. Y. Supp. 198. The plaintiff evidently relies wholly on proof of general damage, for he has not pleaded any special damage, viz., the complaint has no allegation that patients were lost, giving their names. Why then does the defendant stir him up to give particulars and make proof of such damage? And if the libel were not such per se, the defendant would do better to demur to the complaint than help eke it out by this motion, for in that case without an allegation of special damage the complaint would not state a cause of action. Under the complaint the plaintiff can claim general damage only. That he is a physician is only an incident on the question of general damage. Who and what the plaintiff is, and his profession or trade, are always to be considered in an action for libel per se, on the question of how much such a libel must have injured such a man. True, in such an action (i. e. for a libel per se) general damage includes general falling off of business or professional income (Odgers, Lib. & Sland. 318, 319); but a statement of the amount of such falling off is not here asked for, if it could be. In Bergmann v. Jones, 94 N. Y. 51, where the admission of evidence of such falling off under a general allegation of damage to business was sustained, the learned judge writing inadvertently speaks of such damage as special damage. In the case of a libel per se, general damage to the plaintiff's business, or in his profession or trade, is part and parcel of the general damage which the law presumes that such a

libel causes, and may be recovered under a proper general allegation of damage; whereas the loss of particular customers, and the like, comes under the head of special damage, and unless specially alleged is not pleaded at all, and no evidence can be given of it.

The motion is denied with $10 costs.