(124 App. Div. 568.)

LOSCHER v. HAGER et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. LIBEL AND SLANDER—PLEADING—BILL OF PARTICULARS.

Where, in an action for slander, plaintiff charged that the slander had injured his reputation among various reputable business concerns by whom he was formerly employed and to whom he might have to apply in the future for employment, but alleged no special damage, defendant was not entitled to a bill of particulars requiring plaintiff to furnish names of all such concerns.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 233.]

2. SAME—NAMES OF POLICE OFFICERS.

Where plaintiff alleged that, without provocation or probable cause, defendant summoned police officers and caused them to arrest him for an offense of which he was not guilty, defendant was not entitled to a bill of particulars disclosing the name of the officer whom defendant admitted he called to cause plaintiff's arrest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 233.]

3. SAME—ORDER—EXCLUSION OF EVIDENCE—DIRECTION.

It was improper to insert in an order for a bill of particulars a direction for the exclusion of evidence in case of plaintiff's failure to give the required particulars, such relief being the proper subject of a motion on plaintiff's failure to comply with the order.

Appeal from Special Term.

Action by William Loscher against Willie Hager, impleaded, etc. From an order granting defendant's motion for a bill of particulars with reference to plaintiff's two separate causes of action, plaintiff appeals. Modified and affirmed.

Plaintiff for his first cause of action alleged that on November 11, 1906, in the Arion Building, Park avenue and Fifty-Ninth street, in the city of New York, defendants, in the presence and hearing of several worthy citizens, maliciously spoke concerning plaintiff the following false and defamatory words: "We caught you stealing the stuff, and know you have stolen many other things belonging to us." That at the time of the commission of the grievances mentioned plaintiff was assistant engineer in said building, and had always maintained a good reputation and standing in his trade as such, and was known for his honesty and capability as an engineer among his fellows in the trade, and also many other various large concerns with which he had been formerly employed; that owing to the publication of such words plaintiff had been grievously injured in his reputation among various reputable business concerns with whom he had been formerly employed, and to whom he might have to apply in the future for employment, to his damage in the sum of $25,000. For a second cause of action, plaintiff alleged that on the same day and place defendants assaulted plaintiff and struck him on the face and body and without probable cause, summoned several officers of the police force, and in their presence accused plaintiff of being a common thief, and ordered his arrest; that, owing to such acts, plaintiff was made ill and mortified in the presence of several worthy citizens to his damage in the sum of $25,000.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Charles Fischer, for appellant.
Henry F. Lippold, for respondent.

PER CURIAM. The plaintiff alleges no special damage. It is therefore unnecessary to require him to furnish the names of the various business concerns with whom he was formerly employed. The defendant admits having called the police officer to arrest plaintiff, and should be at least as well able to ascertain their names as plaintiff is. The order must therefore be modified by striking out the third subdivision of the particulars required to be given under the first cause of action, and the first subdivision of the particulars required to be given under the second cause of action. The direction for the preclusion of evidence in case of plaintiff's failure to give the required particulars must also be stricken from the order. A motion to that effect may be made hereafter in case the plaintiff fails to comply with this order, or complies with it insufficiently.

The order appealed from will be modified in accordance with this memorandum, and, as modified, affirmed, without costs.