ADAMS, Appellant, v. SCOTT, Respondent.

(145 N. W. 446.)

1. **Libel and Slander—Actionable Words—Words Tending to Injure Business.**

> A newspaper article charging that a certain man abused a girl at plaintiff's hotel, and was sent to federal prison for five years for driving her insane with letters he wrote, was actionable per se, under Civ. Code, Sec. 29, defining libel, since the natural and proximate consequences of such article would occasion some degree of pecuniary loss to the business of plaintiff, who was lessee of the hotel.

2. **Same—Pleading—Actionable Per Se—Charging Public Offense, Non-necessity of.**

> It is not necessary, in order to render a publication actionable per se, that it should charge a crime or public offense.

3.  **Same—Pleading—General Damages—Bill of Particulars.**

Where, in an action for libel, the alleged defamatory matter is libelous per se, and plaintiff claimed only general damages, he was not required to furnish a bill of particulars showing elements of general damages, nor to show special damages.

4.  **Same—Not Libelous Per Se—Pleading—Remedy—Demurrer.**

Where, in an action for libel, the alleged defamatory matter is not libelous per se, and there is no sufficient averment of special damages, the pleading should be attacked by demurrer on ground that no cause of action is stated, and not by motion for bill of particulars.

5.  **Same—Pleading—General and Special Damages—Bill of Particulars.**

Where, in an action for libel, the defamatory matter alleged is libelous per se, and plaintiff pleads both general and special damages, defendant may demand a bill of particulars as to special damages, rather than rely upon his right to object to evidence of special damages at trial.

6.  **Same—Pleading—Definiteness—Manner of Damaging Business.**

Where, in an action for libel, the complaint charged that the libel had injured the reputation and good name of his hotel, it was error to require plaintiff to amend his complaint so as to state definitely, certainly, and particularly in what manner the reputation and good name of the hotel was damaged.

7.  **Same—Pleading—Specification of Particular Sales, Etc.**

Where, in a libel suit, plaintiff alleged, as the result of the libel, direct loss in the failure on the part of the public to patronize his hotel the same since as before the publication, it was error to compel plaintiff to amend and set out the particular contracts, sales, employments, customers, etc., lost to the hotel by reason of the publication.

8.  **Libel and Slander—Pleading—Special Damages, What Are— Specifications.**

Where a complaint for libel charged direct loss in value of lease of a hotel, held, that such allegation was a claim of special damage, and it was not error to require amendment of complaint so as to state date of execution and expiration of lease, name of parties, etc.

(Opinion filed February 14, 1914.  Rehearing pending.)

Appeal from Circuit Court, Minnehaha County.  Hon. Joseph W. Jones, Judge.

Action by George E. Adams against Mark D. Scott, for damages for libel.  From an order requiring plaintiff to amend the complaint and insert particulars, he appeals.  Order modified.

*George W. Egan,* for Appellant.

The matter published could not fail to have a tendency to injure plaintiff in his business, as it, in effect, charges him with running a disorderly house, or house of ill fame, which under the provisions of Sections 376 and 377, Penal Code, would be an indictable offense. Language regarding hotel or boardinghouse keepers is actionable per se, if it reflects on the character of the accommodations furnished by them, to the public or otherwise tends to prejudice them in their business. Cyc. Vol. 25, page 345; Stokes v. Stokes, 28 N. Y. S. 465; Trimmer v. Hiscock, (N. Y.) 27 Hun, 364; Robertson v. Bennett, 44 N. Y. Sup. Ct. 66; Hayes v. Press Co., (Pa.) 78 Atl. 331; 5 L. R. A. 643.

Where the defamatory matter is actionable per se, plaintiff cannot be required to furnish a bill of particulars showing the elements of his general damages, or to state specifically his special damages, when special damages are not alleged. Cyc. Vol. 25, page 467; Stokes v. Stokes, (N. Y.) 25 N. Y. S. 405; American, Etc. Co. vs. Eureka Hose Co. (N. Y.) 18 Abb. N. Cas. 70; Cruickshank v. Bennett, (N. Y.) 62 N. Y. S. 118; Loescher v. Hager, 109 N. Y. Supp. 562; Town Topics Pub. Co. v. Collier, 99 N. Y. S. 575; Cyc. Vol. 25, page 467; Hatch v. Matthews, (N. Y.) 33 N. Y. S. 332.

*Grigsby & Grigsby,* for Respondent.

The article published is not actionable *per se,* and special damages have been pleaded. The nature of the writing must be such that the court can legally presume that the plaintiff has been damaged; 18 Am. & Eng. Ency. of Law, 2nd ed. 916. Except where this presumption exists, special damages to the plaintiff's reputation must be alleged and proved to have been the actual and natural result of the language used. McLaughlin v. American Cir. Loom Co., 125 Fed. 203, 60 C. C. A. 87; Nichols v. Daily Reporter Co., 116 Am. St. Rep. 798.

Where words in themselves not actionable become so by reason of some special damage, occasioned by them, such special damage must be pleaded. 25 Cyc. 454; Barron v. Smith, 19 S. D. 50; 101 N. W. 1106.

The complaint should set forth precisely in what way the special damage resulted from the publication of the words. It is not sufficient to allege generally that plaintiff has suffered special

damages. The special damages thus alleged must be the natural and probable consequence of the publication. 25 Cyc. 454-455; King v. Sun Printing Co., 82 N. Y. Supp, 787; Denny v. North-western Credit Association, 104 Pac. 769; 25 L. R. A. (New Series) 1021. Cook v. Cook, 100 Mass., 194. See also: Ledlie v. Wallan, 42 Pac. 289; Pollard v. Lyon, 91 U. S. 225; 23 L. ed., 368; Bradstreet Co. v. Oswald, 23 S. E., 425; Irwin v. Taubman, (S. D.) 139 N. W. 115.

In 25 Cyc. 455 (2) the rule is stated that a petition declaring on a publication which, although not actionable *per se,* causes loss to plaintiff in his business or profession, must allege the particular contracts, sales, employments, customers, patients, or clients, as the case may be, lost by reason of the publication. 5 Enc. Pl. and Pr. 766; Denney v. Northwestern Credit Association, supra; Reporters Association of America v. Sun Printing & Publishing Association, 186 N. Y. 437, 79 N. E. 710.

SMITH, P. J. Action founded on an alleged libel published in defendant's newspaper. The plaintiff, in paragraph 6 of the complaint, claims damages as follows: "(a) The reputation and good name of his said Grace hotel, $1,000. (b) Direct loss, in failure on the part of the public to patronize his said Grace Hotel the same after the publication as before, in the sum of $2,000. (c) In direct loss in value of his lease of the said property as a hotel, store, and restaurant, $1,000."

The trial court on defendant's motion, entered an order requiring plaintiff to amend his complaint "so that said paragraph 6 shall state definitely, certainly, and particularly: (1) In what manner the reputation and good name of the said Grace Hotel was damaged in the sum of $1,000. (2) The particular contracts, sales, employments, customers, or clients lost to the said Grace Hotel by reason of the publication of the said article, and the time and manner of the said loss. (3) The date of execution and date of expiration of the said lease and the names of the parties thereto, and a description of the property covered thereby, and the time and manner in which the value of said lease was damaged by said publication in the sum of $1,000." Error is assigned in the order requiring plaintiff to so amend his complaint. The amendment ordered goes no further than to require more specific allegations of damages. The article published, which is set out in

full in the complaint, may be briefly summarized as charging that the plaintiff was then running a lodging house known as the "Grace Hotel." "and, so far as the Journal knows, it is probably a fair sort of a place, but some people have made remarks about this hotel and the kind of place it was, and Mr. Adams has gone around with a chip on his shoulder declaring he was going to whip any one who made remarks about his establishment. This does not show very good judgment on his part, especially as a man who was sent to federal prison for five years for driving a girl insane with letters he wrote, was shown to have abused her at this hotel, undoubtedly without the knowledge of the proprietor, but it was done just the same." By innuendo the complaint charges that the article was intended to and did create the impression that said Grace Hotel was a place where girls were abused and gross misconduct and immorality tolerated. The article directly asserts that a certain man abused a girl at plaintiff's said Grace Hotel, and was sent to federal prison for five years for driving her insane with letters he wrote. The allegation of the complaint is that these statements are false and malicious.

[1] Section 29 of the Civil Code declares that defamation by libel is effected by a false and unprivileged publication by writing, printing, etc., which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation. Under this statute, any printed publication which in itself falsely states or charges matters which have a tendency to injure a person in his occupation or business is libelous. It is appellant's contention that the language used in the alleged publication is actionable per se, under the statute, and that he is therefore entitled to recover general damages, without pleading or proof of special damages. It is respondent's contention that the language charged is not actionable per se, and that, unless the complaint properly pleads special damages, it states no cause of action.

The statements made concerning transactions positively alleged to have occurred at the Grace Hotel are such as in their natural and proximate consequences, we think, would occasion appellant some degree of pecuniary loss in his business as a respectable hotel and boarding house keeper.

In Pratt v. Pioneer Press Co., 35 Minn. 251, 28 N. W. 708, the court said: "When language is used concerning a person or his affairs which from its nature, necessarily must, or presumably will, as its natural and proximate consequence, occasion him pecuniary loss, its publication prima facie constitutes a cause of action, and prima facie constitutes a wrong, without any allegation or evidence of damage other than that which is implied or presumed from the fact of publication; and this is all that is meant by the term 'actionable per se' therefore the real practical test by which to determine whether special damage must be alleged and proved, in order to make a cause of action for defamation, is whether the language is such as necessarily must, or naturally and presumably will, occasion pecuniary damage to the person of whom it is spoken."

[2] It is not necessary, in order to render a publication actionable per se, that it should charge a crime or public offense. Barron v. Smith, 19 S. D. 50, 101 N. W. 1105; Ramharter v. Olson, 26 S. D. 499, 128 N. W. 806 ;Sherin v. Eastwood, 27 S. D. 312, 131 N. W. 287, Ann. Cas. 1913 D, 257; Stokes v. Stokes, 76 Hun. 314, 28 N. Y. Supp. 165.

"Where the words are clearly actionable per se, it is only necessary to make a general claim for unliquidated damages. But any special damage that has accrued must in every case be specifically stated, and with sufficient particularity to enable the defendant to know precisely what case he has to meet; otherwise such evidence will be rejected at the trial. * * * If the special damage be the loss of particular customers, as distinct from a general diminution of income, the customer's names must be given, unless it is clear from the circumstances that plaintiff would not know their names. * * * Where a falling off of income is alleged, figures must be given showing the nature and extent of such diminution of income." Odgers on Libel and Slander (5th Ed.) 627.

In Douglas v. Daisley, 114 Fed. 628, 52 C. C. A. 324, 57 L. R. A. 475, it is said: "The general rule in libel and slander cases is aptly stated in Hamilton v. Walters, 4 U. C. Q. B. (O. S.) 24-27, that the plaintiff 'may state his case in either of two ways. He may aver a diminution of business, in consequence of the slander, relying upon his ability to make that appear to a jury, or

he may aver a particular instance of damage, knowing that he can give evidence of loss in a specific case.' "

[3] We think appellant is correct in his contention that the alleged defamatory matter sued upon is actionable per se, and that, where the plaintiff claims only general damages, he cannot be required to furnish a bill of particulars showing elements of general damage, nor can he be required to furnish a bill of particulars showing special damages where no special damages are claimed in the complaint.

In Cruickshank v. Bennett, 30 Misc. Rep. 232, 62 N. Y. Supp. 118, Gaynor, J., says: "This motion seems to arise out of a misunderstanding of the law of evidence and of pleading in respect of damage in actions of libel. A publication in writing which the law presumes must do damage is called a libel per se. No special damage need be alleged in the complaint or proved to maintain an action thereon. An allegation of general damage to reputation or to business, or to both, suffices. Special damage may, however, be pleaded and proved in such an action, and recovered in addition to general damage. A publication in writing, which the law will not presume must do damage, is not libel unless it does special damage; and an action cannot be maintained upon it at all unless special damage is alleged in the complaint and proved. General damage cannot be recovered in such an action, but only special damage, and, if the latter be not pleaded, no cause of action is stated. In order to prove special damage in an action for either kind of libel, it must be specifically alleged in the complaint."

[4, 5] The court also holds that where the defamatory matter is not libelous per se, and there is no sufficient averment of special damages, the fault in the pleading should be attacked by demurrer, on the ground that no cause of action is stated, and not by motion for a bill of particulars under the claim of damages. But where the defamatory matter is libelous per se, and the plaintiff claims and pleads both general damages and special damages such as would sustain a recovery, as he has a right to do, we see no reason why defendant may not demand a bill of particulars as to the special damages, rather than to rely wholly upon his right to object to evidence of special damage at the trial.. Respondent apparently has chosen this course, and has demanded a bill of par-

ticulars, of what he alleges to be special damages claimed in the complaint.

[6] We think the trial court was in error in requiring appellant to state "definitely, certainly, and particularly" in what manner the reputation and good name of the said Grace Hotel was damaged in the sum of $1,000. Stokes v. Stokes, supra; Loscher v. Hager, 124 App. Div. 568, 109 N. Y. Supp. 562.

[7] We think the court also erred in requiring appellant to state "the particular contracts, sales, employments, customers, or clients lost to the said Grace Hotel by reason of the publication of the said article and the time and manner of said loss." If plaintiff's allegation of "direct loss in failure on the part of the public to patronize his said Grace Hotel the same after the publication as before" be deemed an allegation of special damage, which we do not find it necessary to decide, no further particulars could be required, unless it might be a statement of the income of the business before and after the publication alleged. The plaintiff does not attempt to plead damages in the loss of "particular contracts, sales, employments, or customers or clients," and the defendant therefore had no right to demand specifications of any such particulars.

[8] We are of the opinion, however, that the allegation of "direct loss in value, of his lease on the said property as a hotel, store, and restaurant," in the third paragraph, is a claim of special damage and that a statement of the date of execution and date of expiration of the said lease, and the names of the parties thereto and a description of the property covered thereby, was properly required. That part of the same paragraph which requires a specification of "the time and manner in which the value of said lease was damaged by said publication" should be eliminated.

The order of the trial court is modified by striking out the first and second paragraphs thereof, and the portion of the third paragraph above indicated, and, as thus modified, the order of the trial court is affirmed. Costs to be taxed in favor of appellant.