(38 Misc. Rep. 1.)

### WUEST v. BROOKLYN CITIZEN.

(Supreme Court, Trial Term, Kings County. May, 1902.)

**1. LIBEL—COMPLAINT—MEANING ALLEGED.**

Where plaintiff alleges a special meaning for the alleged libelous. words sued on, that is the only meaning which defendant need meet in pleading or on trial.

**2. SAME.**

The words: "She went to a prison for an operation. She sank so low. She said it cost five dollars,"—occurring in a newspaper account of proceedings on a motion made by plaintiff to secure support from her husband, are not susceptible of the meaning ascribed to them by plaintiff in her complaint for libel that she was charged with having committed a crime, with having been punished therefor by imprisonment, and with having sunk low in the community.

Action by Wanda Wuest against the Brooklyn Citizen. Verdict for defendant. Motion by plaintiff for a new trial. Denied.

Hugo Wintner, for plaintiff.

William Hughes, for defendant.

GAYNOR, J. The libel as alleged is as follows: "She went to a prison for an operation. She sank so low. She said it cost five dollars and that her screams were heard all over the block."

It is falsely set out in the complaint, the article "a" being omitted before the word "prison."

The plaintiff does not in the complaint rest upon the words in their natural, or unaided, meaning, but alleges a particular meaning of them which she claims constituted the libel, and bases her complaint on that meaning. Such allegation is as follows:

"That the above words and statement are utterly false and untrue, and mean and intend to charge plaintiff with the commission of a crime; her punishment by incarceration in a penal institution; and that she sank to a low and degraded moral and social scale in the community; and it further imputes to her odious and disgraceful acts and conduct, a degraded position in the community, and thereby tends to bring and has brought her into odium, disgrace and obloquy," etc.

The alleged libel is not on its face susceptible of the meaning here alleged, i. e., that the plaintiff committed a crime, and was punished therefor by imprisonment, and sank low morally, etc.; all being in the same sequence. Moreover, the whole article, which was put in evidence, and is an account of what occurred on a motion in the supreme court by the plaintiff in an action by her against her husband for support, does not allow of such a construction. It may lead one to vaguely suspect that the meaning was that she had had an operation to procure a miscarriage performed on her, which is a very different thing, and a matter which the plaintiff evidently did not want to rest her case on, for she excluded it by such special

allegation of meaning. The words alleged in the complaint were a fragment of the article, picked out of a statement made by her husband to the court, according to the article. The word "person," according to the evidence of the reporter, was written by him, but was changed to "prison" by the typesetter.

When one suing for libel is not content to sue on the words in their natural or unaided meaning, but alleges a special meaning which he complains of, he must under our system of pleading rest upon that meaning at the trial. The meaning he assigns and complains of is the only one the defendant has to plead to. He is not obliged to plead to or meet on the trial a meaning which the plaintiff does not complain of. Westbrook v. Association, 32 Misc. Rep. 37, 65 N. Y. Supp. 399; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278.

The motion for a new trial is denied.