(40 Misc. Rep. 524.)

## MARTIN v. PRESS PUB. CO.

### (Supreme Court, Trial Term, Kings County. April, 1903.)

1. LIBEL—MEANING OF WORDS USED.

In an action for libel, plaintiff is bound by the meaning which he attaches to the words used, and, if he fails, cannot then fall back on the general meaning of the words.

2. SAME—SPECIAL DAMAGES.

In an action for libel, the complaint alleges no special damage where the items thereof are not set forth.

Action by Alfred Nolan Martin against the Press Publishing Company. Complaint dismissed, and motion for new trial denied.

The action was for libel, the words alleged in the complaint being as follows:

"Savant cannot Make a Living. Old Oxford Professor and Family in Sad Straits.

"That the battle for existence is not won by brains alone is illustrated by the sad plight of Prof. Alfred Nolan Martin at Richmond Park, Staten Island. A man of extraordinary attainments in classical learning and once a professor in Oxford University, he is now in sad straits because his education hampers him in earning a living. He is living with his young wife and two small children in a house which has not a single door or window inclosed. He is too poor to finish his dwelling and too proud to ask aid. His neighbors say he is starving.

"In his life, he is now over fifty—Prof. Martin has been, besides an Oxford professor, a sanitary engineer, a lecturer, a social agitator, a schoolteacher and an author. Seven years ago, while with the Staten Island health department, he married Miss Cooper of Stapleton, a graduate of the New York University Law School. Then he lost his place."

The allegation of publication being followed by the following:

"Thereby meaning and intending to charge this plaintiff with neglect in the support and maintenance of his said wife and children, and thereby meaning and intending to charge this plaintiff with reducing his said wife and his said children to starvation and not procuring for, and giving to them, the necessaries of life; and thereby meaning and intending to charge this plaintiff with conducting and managing his said home at Richmond Hill in the borough of Richmond, in the city and state of New York in an uncivilized, unnatural and improper manner; and thereby meaning and intending to have it understood and believed that this plaintiff has been guilty of inhuman, unnatural, improper and disgraceful conduct, and thereby injuring and destroying his character and bringing him into disrepute and disgrace."

Ira Leo Bamberger, for plaintiff.
Mirabeau L. Towns, for defendant.

GAYNOR, J. The complaint is not founded on the alleged libelous words in their general meaning (i. e., in all the meanings they are susceptible of), but on particular meanings which are alleged in the complaint. It is not necessary, therefore, to see whether the words will bear any libelous meaning other than those alleged in the complaint. The plaintiff in an action for libel may always avoid an issue on a meaning of which the words are susceptible by confining the complaint to another meaning or other meanings only. If, however, he is not content to sue on the words in their general meaning, but picks

¶ 2. See Libel and Slander, vol. 32, Cent. Dig. §§ 213½, 214.

out and alleges a particular meaning in his complaint, and complains of that meaning only, he must, under our system of pleading, rest upon that meaning alone on the trial. If he fails on that meaning, he cannot fall back on the general meaning. The meaning complained of in the complaint is obviously the only meaning the defendant has to plead to and meet at the trial. He is not called upon, for instance, to plead and prove in justification the truth of the published words in a particular and meaning not complained of at all. Wuest v. Brooklyn Citizen, 38 Misc. Rep. 1, 76 N. Y. Supp. 706; Westbrook v. New York Sun Ass'n, 32 Misc. Rep. 37, 65 N. Y. Supp. 399; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278.

The published words in this case are not susceptible of the particular meanings alleged in the complaint; and therefore the complaint does not state a cause of action. They do not charge the plaintiff "with neglect in the support and maintenance of his wife and children," or "with reducing" them "to starvation and not procuring for and giving to them the necessaries of life," or "with conducting and managing" his home "in an uncivilized, unnatural and improper manner," or that he was "guilty of inhuman, unnatural, improper and disgraceful conduct," as is alleged in the complaint. They convey the opposite meaning, i. e., that instead of neglecting his family, or sinning against them in any way, the plaintiff was loyal to them and did his best for them.

It is now suggested that special damages are alleged in paragraph seventh of the complaint, and that therefore the complaint is sufficient, even though the words be not a libel per se. But, as already pointed out, the complaint alleges and is based exclusively upon meanings which do not exist, and therefore no damage of any kind can be predicated thereon. Moreover, paragraph seventh does not allege any items of special damage, and that is the only way that special damage can be alleged. The particular contracts, sales, employments, customers, etc., lost or prevented have to be specifically alleged, giving names, dates, etc. Cruikshank v. Bennett, 30 Misc. Rep. 232, 62 N. Y. Supp. 118; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278.

The motion is denied.