BENJAMIN P. MILLER

*v.*

WILLIAM E. JOHNSON.

1. SLANDER — *proof of publication.* Evidence that slanderous words were uttered in the presence of members of the plaintiff's family, is proof of the publication of the slander. As much protection is due a man's reputation in the presence of his family as in the presence of strangers, and when slanderous words are uttered of a person in the presence of others, whether members of his family or strangers, they may be said to be spoken concerning him, in the technical sense, and that constitutes a publication of the slander.

2. SAME—*words presumed to be understood in their ordinary sense.* Where a defendant has uttered slanderous words concerning a plaintiff,

Opinion of the Court.

which, in their ordinary and common signification, impute crime, it must be presumed it was in that sense they were understood by the by-standers who heard them, and the defendant can not, when sued, excuse his guilty conduct by an explanation in his testimony that he did not use the words in the sense to impute to the plaintiff the crime thereby indicated.

3. SAME—*qualifying slanderous words at the time of uttering.* If a person who utters slanderous words imputing crime, limits them, when uttered, so as to show he does not intend to charge the person spoken of with having been guilty of crime, it is admissible, in an action for the words spoken, for him to give in evidence such qualification.

4. SAME—*words spoken in passion.* In an action for slander, the anger or passion of defendant at the time of the publication of the slanderous words, is no justification, or even mitigation, unless it is shown the passion was provoked by plaintiff, and even then it can only be proved in mitigation of damages.

5. EXCESSIVE DAMAGES. Where a plaintiff, who had always borne an irreproachable character, was accused by the defendant with the crime of larceny, and there was nothing which justified or paliated the conduct of the defendant, a verdict for $1000 was not regarded excessive.

APPEAL from the Circuit Court of Carroll county; the Hon. W. W. HEATON, Judge, presiding.

This was an action for slander, brought by William E. Johnson against Benjamin P. Miller, for words spoken by him to the effect that Johnson was a thief, and had stolen corn and oats from him. The plea was, not guilty. The jury returned a verdict in favor of plaintiff, and assessed his damages at $1000, for which amount the court rendered judgment, and defendant appealed.

Mr. WILLIAM BARGE, and Mr. SHERWOOD DIXON, for the appellant.

Messrs. ARMOUR & SHAW, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The record contains sufficient evidence of the speaking of the slanderous words charged in the declaration. They were

actionable in themselves, and amounted to an accusation plaintiff had been guilty of the crime of larceny. Evidence that the slanderous words were uttered in the presence of members of plaintiff's family, is proof of publication of the slander. As much protection is due a man's reputation in the presence of his family as in the presence of strangers. Persons being present, whether kindred or strangers, the words may be said to have been spoken concerning plaintiff, in the technical sense. But, as we understand the testimony, enough of the words alleged in the declaration to constitute a charge of larceny, were spoken in the hearing of strangers on more than one occasion. However this may be, it is proven the slanderous words were uttered in the presence and hearing of members of plaintiff's family, and that, in law, is itself a publication of the slander.

Defendant could not excuse his guilty conduct by an explanation in his testimony that he did not use the words charged, in the sense to impute to plaintiff the crime of larceny. The words spoken, in their ordinary and common signification, import crime, and it must be presumed it was in that sense they were understood by the bystanders who may have heard them. Had he limited the meaning of the words, when uttered, so as to show he did not intend to charge plaintiff with having been guilty of crime, it would have been admissible to give in evidence such qualification. But this, defendant did not do. He seems to have used them in their broadest and most offensive sense, without any limiting or qualifying words whatever. Nor does the fact, defendant was in anger when he spoke the actionable words, relieve him from the consequences of his slander, unless the passion had been provoked by plaintiff. There is no evidence plaintiff had done or said anything that had been the immediate exciting cause of his anger.

Whatever may be the rule elsewhere, it has been definitely settled in this State that, in an action for slander, the anger or passion of defendant at the time of the publication of the

slanderous words is no justification, or even mitigation of damages, unless it is shown the passion was provoked· by plaintiff, and even then it can only be proven in mitigation of damages. *Flagg* v. *Roberts*, 67 Ill. 485.

It must be admitted the damages found are quite as high as the evidence will justify, but we are not prepared to say the amount is so excessive as would warrant a reversal of the judgment. The words spoken imply a grave charge. and one that would affect seriously the character of plaintiff. It is not pretended there was any justification for the broad and unqualified accusation of crime against plaintiff. When slanderous words, actionable *per se*, are uttered, the law implies malice and consequent injury, but, in addition to this implication, it stands admitted in this case the words charged were spoken with malice, and it has been attempted to justify the publication of the slander on the ground defendant was in a great rage and passion at the time. The conduct of defendant can not be justified, nor is there anything in this record that paliates it in the least degree. So far as the evidence discloses, plaintiff had previously borne an irreproachable character. His reputation for integrity had been attacked by accusation of crime, without any justifiable cause. It is one of the guarantees of the law, that every person, whatever may be his station in life, shall find a certain remedy in the laws for all injuries and wrongs which he may receive in his reputation. as well as to his person or property. Before the law there are no distinctions. One man's reputation is as sacred as another's, no matter what his social position may be. Plaintiff's reputation for integrity, which had previously been good, had been assailed by the slanderous utterances of defendant, where no justifiable cause for such conduct appears, and a jury, conversant with all the facts, having fixed the measure of damages, we see no cause to interfere with their conclusion.

The judgment must be affirmed.

*Judgment affirmed.*