## George Hammond v. Mary E. Stewart.

1. SLANDER—*Actionable Words.*—To say to the husband of a woman that her last child was not his child, but was the child of one Clint Mobery, is actionable. ·

2. SAME—*Sufficient Publication.*—Calling a woman a whore in the presence of her small children, the oldest being six years old, is a sufficient publication of the slander.

**Trespass on the Case for Slander.**—Error to Circuit Court of Fulton County. The Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

CHARLES F. ROBISON and H. W. MASTERS, attorneys for plaintiff in error.

BOYER & TAYLOR, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by defendant in error to recover damages for the uttering of slanderous words concerning her by plaintiff in error.

The first count of the declaration charged him with saying to her husband that her last child was not that of her husband but was the child of one Clint Mobery, meaning thereby and charging that she had been guilty of adultery with the said Clint Mobery. The second count charged him with saying to her, in the presence of others, that she was a whore.

There was a trial upon the issue of not guilty and a verdict

of guilty returned, with damages for defendant in error of $1, on which judgment was entered.

As grounds. for reversal it is contended : First, that the words in the first count claimed to have been spoken are not actionable.. Second, that the proofs do not justify the conclusions that the plaintiff in error uttered the words charged against him in either count. Third, that if it be conceded that he called defendant in error a whore as charged in the second count, it was not slander, because not published, he having applied that epithet to her in the presence only of her three small children.

We are clearly of the opinion that the words charged in the first count are actionable and were proven substantially as charged. The husband of defendant in error testified to the uttering of them by plaintiff in error. The defendant in error testified to the plaintiff in error calling her a whore, and that it was done in the presence of her three small children. The plaintiff in error contradicted her and her husband in his testimony, but his reputation for truthfulness was shown to be bad. The jury believed the woman and her husband, and were justified in so doing.

As to the third point urged we hold that the uttering of the vile epithet which plaintiff in error applied to defendant in error in the presence of her three small children was sufficiently published to make him liable on a charge of slander, even if the oldest of the children was but six years of age.

The only error that we see in the record is in the jury fixing the damages at the insignificant sum of $1, but defendant in error has not complained of it and we therefore affirm the judgment.