## Amos K. Lodge v. Van L. Hampton.

1. EVIDENCE—*what, incompetent in action for libel.* An anonymous letter stated in the libelous article sued on to have been written by the plaintiff and sent to himself, is incompetent when offered by the plaintiff in the absence of a plea of justification having been interposed by the defendant.

2. EVIDENCE—*what, incompetent in action for libel.* Other articles than those counted upon as libelous are incompetent in an action of libel.

3. EVIDENCE—*what, competent in action for libel.* Where a particular portion of an article counted upon as libelous is offered by the plaintiff, the defendant may introduce the entire article.

4. COMPETENCY OF EVIDENCE—*what essential to raise question of.* An objection and exception are essential to raise the question of the competency of evidence.

5. INSTRUCTION—*when, cannot be complained of.* An instruction cannot be complained of for a vice common to an instruction given at the instance of the complaining party.

6. INSTRUCTION—*when, erroneous as leaving to jury questions of law.* An instruction which leaves it to the jury to determine what are the material issues in the case and which does not limit such issues to those fixed by the pleadings, is erroneous.

Lodge v. Hampton.

Action on the case for libel. Appeal from the Circuit Court of McDonough County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed October 14, 1904.

CHARLES W. FLACK and CHARLES J. SCOFIELD, for appellant.

NEECE & SON and SHERMAN, TUNNICLIFF & GUMBART, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellant against appellee, for libel. The pleadings in the case are voluminous and it would serve no good purpose to set the same out in detail. The declaration, consisting of five counts, alleges the publication in the "Macomb By-Stander" of a libel in substance as follows: In the first count, that plaintiff advised and abetted one Mary Martin, in bringing her action of false imprisonment against one Jackson Hill, and advised and abetted the said Mary Martin to have the said Hill imprisoned on the execution issued upon the judgment recovered by her, for the purpose of satisfying malignant spite on the part of the plaintiff against said Hill, and not that she might exercise a lawful right for the collection of said judgment. In the second, that plaintiff had been and was guilty of wrongfully and maliciously assisting the said Mary Martin in prosecuting an unjust action against said Hill, by paying her attorney's fees in said action, and so was unworthy of the confidence and esteem of the people. In the third, that plaintiff had officiously intermeddled in the said action for false imprisonment by said Mary Martin against said Hill, by paying her attorney's fees, and thus became a participant in her infamy and iniquity in prosecuting her said action and in imprisoning the said Hill, and then sought to deceive the people by offering a reward for the recovery of the check, into the belief that he had not paid the said attorney's fees, whereas in fact he had paid them and had been and was guilty of maliciously aiding in

the prosecution and persecution of said Hill.. In the fourth, that plaintiff was a man devoid of honor, that he would make a solemn promise for the purpose of accomplishing an end, and would then deliberately violate that promise, although he knew that such violation of a promise would probably result in injury to the person or property of an innocent person. In the fifth, that plaintiff wrote or caused to have written to himself, a white-cap letter, containing threats toward himself, with the intention of causing it to be believed that he had been threatened with harm by unknown persons, because of his connection with the said Hill case, for the purpose of obtaining sympathy from the people, and that to carry such intention into effect he appealed to the officers of the law to ferret out who had sent the said letter, and to use the powers vested in them to protect him from receiving harm at the hands of the white caps.

Appellee pleaded the general issue to each of the five counts, and pleas of justification to the second, third and fourth counts, to which appellant replied *de injuria*, and issue to the country was formed. Upon the trial, the jury returned a verdict of not guilty, upon which the court rendered judgment against appellant for costs.

It is urged in reversal of the judgment, that the court ruled erroneously in the admission and exclusion of evidence and gave improper instructions on behalf of appellee, and that the verdict is against the manifest weight of the evidence.

Appellant offered in evidence a so-called "white-cap letter," as the one referred to in the newspaper article set out in the fifth count of the declaration, but upon objection it was excluded by the court. The competency of the evidence is affirmed upon these grounds : first, because it was the letter referred to in the newspaper article, and in that sense a part of the *res gestæ;* second, it had a tendency to show the feeling that existed in Macomb at that time with reference to the imprisonment of Hill; and third, as bearing on the question of damages. The letter was

Lodge v. Hampton.

properly excluded. There was no plea of justification to the fifth count, and the letter, even if identified as the one referred to in the alleged libel, tended to prove no fact in issue. Being anonymous, it did not even rise to the dignity of hearsay evidence, and it was incompetent for any purpose.

For the reason that the truth of the allegations in the fifth count was not in issue, there was no error in the ruling of the court in sustaining appellee's objections to questions put to appellant, regarding the letter. There is no substantial ground for appellant's criticism of the rulings of the court in excluding evidence of ill feeling on the part of appellee toward him, and evidence that appellant did not advise or encourage the prosecution of Hill or his imprisonment. Objection to a line of examination intended to develop such evidence was sustained by the court, but it was subsequently admitted and appellant had all the benefit of it to which he was entitled. The witness William Martin might properly have been permitted to answer the question propounded to him regarding his sister's financial condition, but in view of the uncontradicted evidence of other witnesses upon that question, we cannot say the ruling was prejudicial.

Over the objection of appellant, appellee was permitted to introduce in evidence an article published in his paper under date of June 4, 1902. The article is not counted upon in the declaration and purports to be a report of the proceedings instituted in the County Court to adjudge Mrs. Martin a lunatic. It is insisted by appellee that the article was properly admitted in evidence, because appellant in his testimony predicated his action in refusing to be further responsible for Mrs. Martin, to its publication.

The record does not sustain the reason advanced by appellee for the admission of the evidence. The refusal of appellant to be further responsible for Mrs. Martin, was, according to his testimony, predicated upon the refusal of Hill to have the article corrected and not upon the fact of its publication. The agreement, if one was made by appel-

lant, to be responsible for Mrs. Martin, was made with Hill, for his benefit. Appellee was not a party to it and what he may have said through the columns of his paper, in an article not declared upon as libelous, was incompetent. The article in question was, however, in its character very akin to the several articles alleged to be libelous, and we are not disposed to hold that its admission · operated to the prejudice of appellant.

After appellant had offered in evidence the portion of the article declared upon, published under date of April 29, 1903, appellee was permitted over objection to introduce in evidence the remainder of the same article, and this ruling of the court is assigned as error. There was no error in this ruling. The entire article related to the same sub-ject-matter, and appellee, if he so desired, was entitled to have it all go to the jury.

The competency of the testimony of the witness Lillian Johnson, called on behalf of appellee, is not properly before us for review, no objection and exception thereto appearing in the record. As the judgment in this case must be reversed for error in instructions we refrain from a discussion of the evidence and of its probative value.

The court was burdened with instructions in the case. While those given at the request of the appellant are in the main correct statements of the law, many of them might have been refused as being embodied in others.

Appellee's second instruction informed the jury that reports of suits or proceedings in the courts of McDonough county, when true, and published with good motives and justifiable ends, are not libelous. It is urged that the giving of this instruction as applying to the whole declaration, was erroneous, because no pleas of justification were filed to the first and fifth counts. Appellee's fourth instruction is an effort to limit the right to interpose · such defense to those counts, to which a plea of justification had been filed, and when read in connection with the second instruction, the latter could not have misled the jury. Appellant, however, is not in a position to complain of the instruction,

for the reason that the fifth instruction given at his request contains the same fault. The third instruction given at the request of appellee reads as follows: "You are instructed that under the general issue, or plea of not guilty, in this case it is necessary for the plaintiff to make out and prove to you by a preponderance of all the evidence in the case every material matter necessary for him to recover before he is entitled to do so. If the plaintiff has failed in any material matter to prove the same by a preponderance of the evidence in the case, then you must find for the defendant· as to such matter." This instruction is manifestly erroneous. It authorized the jury to determine the material issues in the case, and they were not so much as directed to the pleadings to ascertain what issues were material. The material issues in a case are made up by the pleadings of the parties, and they must be determined and announced by the court as a question of law. It has been held repeatedly that an instruction authorizing the jury to determine the material allegations in a declaration, is erroneous, as submitting to them a question of law. Under this instruction the jury were at liberty to formulate issues entirely outside the scope of the pleadings and to require appellant to prove the same, whatever they might be, before he was entitled to a verdict.

Appellee's fourth instruction should have more clearly limited his right to justify only as to those counts of the declaration to which pleas of justification were filed. Appellee's eighth, tenth and eleventh instructions are open to the objection that they authorize the jury to determine what are the material allegations of the declaration.

In averring extrinsic matter, the declaration is somewhat involved in its reference to the time · of committing the grievances complained of and of "the premises" to which it relates, but following the proper form in pleading, we think these averments relate to the time of the publication of the article alleged to be libelous. The tenth and eleventh instructions in question require proof of the existence of such extrinsic matter at a time prior to such publication and are erroneous in that regard.

The pleas of justification filed by appellee are as broad as the charges made in the declaration and it follows that they must be proved as pleaded. The. twelfth instruction given at the request of appellee, while not seriously objectionable, is open to the criticism that it omits some of the elements of the plea of justification to the fourth count required to be established by him.

The thirteenth instruction given at the request of appellee is as follows: "The court instructs the jury, that if the defendant has established the truth of the words set out in the fourth count of the declaration herein, by a preponderance of evidence, then the plaintiff cannot recover as to such fourth count." By appropriate allegation of extrinsic matter and innuendoes, the fourth count of the declaration averred some of the words in the article alleged to be libelous, to have been used ironically, and as to this count, appellee properly justified that the words were true in the sense imputed to them. The innuendo, if properly applied, is a substantial part of the libel charged. Proof, therefore, of the truth of the mere words does not satisfy a plea of justification averring the truth of the words in the sense imputed by the innuendo.

The court did not err in giving the fifteenth instruction requested by appellee. Whether the language employed is capable of bearing the meaning assigned by innuendo, is for the court to decide; whether the meaning is properly assigned to the language, is for the jury. Townsend on Libel and Slander (2nd ed.), 538.

Where the publication charged is libelous *per se* the law implies malice and injury, and does not require proof of actual damages to warrant a verdict for more than merely nominal damages. Nolte v. Herter, 65 Ill. App. 430; Baker v. Young, 44 Ill. 42. Appellee's eighteenth instruction required specific proof by appellant of actual or general damages sustained, upon proof of the publication, and told the jury that in the absence of such proof, he could "recover only nominal damages, which is one dollar or one cent." In the present state of the record the giv-

ing of this instruction would not require a reversal of the judgment but the instruction was not an accurate statement of the law and should have been refused.

The evidence in this case brings it within the class of cases as to which it has been held that the instructions should be as clear, accurate and harmonious as possible. This cannot be said of instructions given at the request of appellee, here commented upon.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*