## RAMHARTER v. OLSON et al.

A complaint in an action for libel alleging that plaintiff and defendant were the only hardware dealers in the town and that plaintiff had been there for several years, that defendant published in a newspaper, then circulated in and around the town, that a certain hardware dealer, but not himself, in the town, had sold a defective stove, representing it to be of fine quality and one of the best on the market, and that the stoves sold by defendant were of no account, that the purchaser of the stove gave it to the drayman to haul away and then purchased one of the defendant's stoves which were worth a dozen of plaintiff's, and further alleging that while it might be, as had been said, that the American people like to be humbugged and that some dealers still think so, yet the great majority prefer a square deal, and further alleging that such publication was maliciously made to bring plaintiff's business and character into disrepute, and that by reason of such publication he suffered great loss, sufficiently showed that the libel was directed at plaintiff.

The publication was also a distinct charge that plaintiff was guilty of unfair and dishonorable business practices, and charged him with deceiving the public in his business transactions; the word "humbug" meaning an imposition under fair pretenses; something contrived to deceive, to impose on, to cozen, to swindle.

The publication by a hardware dealer in the town paper that his rival in business had imposed upon a purchaser in the sale of a stove, and insinuating that he was a humbug, etc., could not be defended on the ground that it was a privileged communication.

(Opinion filed November 26, 1910.)

Appeal from Circuit Court, Deuel County. Hon. GEORGE H. MARQUIS, Judge.

Action for libel by Anthony F. Ramharter against Knute T. Olson and another. Judgment for plaintiff and defendants appeal. Affirmed.

C. A. Mead, for appellants. Loucks & Mather, for respondent.

CORSON, J. This is an appeal by the defendants from an order overruling their demurrer to the plaintiff's complaint. The action was instituted by the plaintiff. against the defendants for an alleged libel.

The material parts of the complaint, omitting the title, are as follows: "(1) That the said defendants, Knute T. Olson and Ole Olson were on or about the 22d day of October, 1908, copartners doing business at Clear Lake, Deuel county, S. D., under the firm name and style of K. T. Olson & Bro., and were operating and engaged in the operation of a general business, including the buying and selling of stoves and ranges. (2) That on the 22d day of October, 1908, and for 13 years prior thereto, and from said time up to and including the present time, this plaintiff was engaged in business as a merchant in the town of Clear Lake, in Deuel county, S. D., and was operating and engaged in the operation of a general hardware business, including the buying and selling of stoves and ranges. (3) * * * That the said defendants and their predecessors, and this plaintiff have been the only dealers in hardware * * * in the said town of Clear Lake, for the past 14 years. * * * (4) That on said 22d day of October, 1908, the said defendants, maliciously intending to injure the plaintiff in his reputation and business, composed and published, at Clear Lake, S. D., of and concerning this plaintiff, in a certain newspaper then and there published and circulated and having a large circulation in and around Clear Lake, S. D., the following false and defamatory matter, to-wit: 'How about this. A gentleman whose reputation for veracity is unquestionable, and who has indisputable proofs to back his assertions, has furnished us with the following information of interest to the public: "Three years ago I purchased of a hardware dealer in your city (not your predecessor) a stove which he claimed to be new and one of the best stoves on

the market; he told me that the Stewart and Majestic stoves sold by his competitor were of no account. Now after only three years of careful usage (and I have an oil stove for summer use) the stove is wrecked beyond repair. I bought a Stewart range of K. T. Olson & Bro., giving the old stove to a drayman for hauling away. My new Stewart is the best stove I ever saw and easily worth a dozen of the kind sold me by another dealer. It may be as Barnum says, that 'the American people like to be humbugged,' and that some dealers still think so, but the great majority prefer a 'square deal.'" If you are one of this majority it will pay you to look over our line and get something that will last you three years many times over. K. T. Olson & Bro.' (5) That by the use of the said words, and the publication of the said article, set out in paragraph 4 hereof, the said defendants intended to assert, and be understood as asserting, and by the readers of the said newspaper in fact were understood as asserting, that this plaintiff, in his business was a humbug, engaged in dishonest practices in his said business, and was not giving to his patrons a square deal; that the said article, as thus understood, was false and scandalous, and defamatory. (6) That by means of the said publication, the plaintiff was greatly injured in his reputation and credit, and in his business has suffered great loss of custom, and has been deprived of great gains and profits which otherwise he would have made, and has otherwise sustained loss and injury, all to his damage in the sum of $3,500. Wherefore the said plaintiff demands judgment against the said defendants for the sum of $3,500, together with costs of this action."

To this complaint the defendant interposed a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, which was overruled and the defendants duly excepted.

The only question presented on this appeal is, Does the complaint state facts sufficient to constitute a cause of action? It is contended by the appellants that (1) "the words complained of are not libelous per se and plaintiff cannot recover under a general allegation of damages, even though the plaintiff were personally

and specifically referred to in the alleged libelous publication; (2) the plaintiff is not identified as the dealer referred to in the alleged published article, neither does the amended complaint show that the alleged false and libelous matter applies to plaintiff, by innuendo or otherwise."

It is urged by the appellants in their brief that the article complained of does not refer to the plaintiff by name as the "dealer" referred to and that the words used do not accuse the plaintiff or the "dealer" of any criminal or dishonest act, or that "he was engaged in dishonest practices in his said business"; that the whole article, measured by the ordinary standards and viewed in the ordinary way, is not a defamatory declaration impugning the honesty of the unnamed dealer or his business methods, but is a disparaging criticism of one dealer upon the goods of his competitor; and that it is not alleged in the complaint that the defendants knew the publication to be false, and the interest of the defendants as competing dealers refutes the presumption of malice and makes the communication in a sense privileged.

We are unable to agree with the contention of appellants, and after a careful examination of the alleged libelous article, we are of the opinion that the court was right in overruling the demurrer. It is quite clear from the allegations of the complaint that the residents of Clear Lake, in reading the article, would understand that the same referred to the plaintiff in this action. It will be observed that it is alleged in the complaint that the plaintiff and the defendants were the only persons engaged in the business of buying and selling of stoves and ranges in the town of Clear Lake. Hence, the only person that could be referred to under the term, "hardware dealer in your city," could have only been understood as referring to the plaintiff, as it is alleged in the second paragraph of the complaint that the plaintiff had been engaged in the operation of a general hardware business in Clear Lake for 13 years prior to the time of the publication of the alleged libel. And it is further alleged in paragraph 4 of the complaint that "the said defendants, maliciously intending to injure the plaintiff in his reputation and business, composed and published, at Clear Lake, South

Dakota, of and concerning this plaintiff, * * * the following false and defamatory matter," clearly implied and conveyed to the mind of the ordinary reader of the article that the plaintiff was a humbug and engaged in the business of humbugging the public, and that he was guilty of unfair and dishonorable dealing in his business. No reasonable person would come to any other conclusion upon reading the article than that it was the intention of the defendants to charge the plaintiff with deceiving the public in his business transactions and conducting his business in a manner inconsistent with honorable and "square dealing."

"Humbug" is defined by Webster as "an imposition under fair pretenses; something contrived in order to deceive and mislead"; and as a verb, it is defined as, "to deceive or impose on; to cajole; to hoax." MacDonald v. Sun Printing & Pub. Ass'n, 111 App. Div. 465, 98 N. Y. Supp. 116; Nolte v. Herter, 65 Ill. App. 430. In the case of McDonald v. Sun Printing & Pub. Ass'n, supra, the court, in its opinion, says: "The word 'humbug' has become accepted as good English, and has an approved and well-understood meaning, as imposter; deceiver; cheat." In Nolte v. Herter, supra, the Illinois Court of Appeals, in discussing the term "humbug," says: " 'Humbug' is an imposition; imposture; deception; and as a verb signifies to impose upon; to cozen; to swindle—all implying intention to misrepresent by the assertion of what is not the actual condition, or the suppression or concealment of what is."

The use of the language, therefore, before quoted, clearly indicates that the defendants intended to charge the dealer referred to as being guilty of deception in his business and in effect charges the plaintiff, not only with deception in the conduct of his business, but that he was guilty of unfair dealing.

Section 29 of the Civil Code reads as follows: "Libel is a false and unprivileged publication by writing, printing, picture, effigy or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." The construction to be given this section was so fully considered by this court in the case of Barron v.

Smith, 19 S. D. 50, 101 N. W. 1105, we do not deem it necessary to again enter upon a discussion as to the intention of the Legislature in adopting it.

It is alleged in the sixth paragraph of the complaint, as will be noticed, "that by means of the said publication, the plaintiff was greatly injured in his reputation and credit, and in his business has suffered great loss of custom, and has been deprived of great gains and profits which otherwise he would have made, and has otherwise sustained loss and injury," and these allegations, for the purposes of the demurrer, being assumed to be true, it clearly appears that the plaintiff was not only injured in his good name and fame, but that the alleged libel also injured him in his occupation or business.

Giving to the allegations of the complaint, therefore, a reasonable and fair consideration and the language of the alleged libel such a construction as would be ordinarily placed upon it by persons in Clear Lake and its vicinity, who were acquainted with the respective parties, it makes such statements as, if believed by the persons reading the article, would naturally tend to subject the plaintiff to contempt, ridicule, or obloquy, and cause him to be shunned or avoided socially and as a business man.

In 25 Cyc. 341, the learned author of the article on libel and slander states the law applicable to this class of cases as follows: "Language which imputes to one fraud or want of integrity in his business is actionable per se; or, as the rule has been otherwise well expressed, any charge of dishonesty against an individual, in connection with his business, whereby his character in such business may be injuriously affected, is actionable. * * * A statement merely in disparagement of the property or goods of a merchant or other man of business is not actionable without proof of special damages, although if defendant goes beyond this and in his statement touches the character or reputation of plaintiff in his business, the charge is actionable."

In 18 Am. & Eng. Ency. of Law, 923, the rule is thus stated: "Written words to come within the category here under consideration may be such as in express terms charge dishonesty, or may be

any words which, construed according to their natural import, amount to a charge of taking an unfair advantage in a pecuniary matter, or of doing specific acts which denote the want of integrity." The authorities upon the subject of what constitutes an actionable libel, are very numerous, but we will only cite the following as bearing directly upon this question: Smith v. Stewart, 41 Minn. 7, 42 N. W. 595; Meas v. Johnson, 185 Pa. 12, 39 Atl. 562; Commonwealth v. Clap, 4 Mass. 163, 3 Am. Dec. 212; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Triggs v. Sun Printing & Pub. Ass'n, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841.

The contention of respondent that the publication of the article constituted a privileged communication is, in our opinion, without merit.

We are clearly of the opinion, therefore, that the court committed no error in overruling the demurrer, and the order overruling the same is affirmed.