Mary E. Kelly, Respondent, *v*. The Nassau Electric Railroad Company, Appellant.

**Negligence — evidence — when jury could not legitimately have inferred from the evidence facts essential to the verdict, the verdict cannot be sustained.**

Plaintiff was a music teacher, fifty-eight years of age at the time of the accident.   She was active on her feet and went about the city. While waiting for a street car, she walked up and down and in and out of a waiting car.   A car starter employed by defendant called the approaching car and plaintiff started towards it.   The starter ·came up behind and caught her arm.   She says: " He helped me along towards the Fifteenth street car when he called out, ' Look out for the car ' and dropped my arm, and I went down," breaking a leg.   She adds: " He was a kind of support to me.   I depended on him as long as he took hold of me."   Upon this evidence, while the jury in an action to recover for injuries sustained by plaintiff may have guessed facts essential to the verdict, it could not legitimately have inferred negligence from the evidence; hence, the judgment for plaintiff cannot be sustained.   (*Hanlon* v. *Central R. R. Co. of N. J.*, 187 N. Y. 73, distinguished.)

*Kelly* v. *Nassau El. R. R. Co.*, 173 App. Div. 983, reversed.

(Argued June 3, 1919; decided July 15, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 2, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. A. Marsh* and *George D. Yeomans* for appellant. No actionable negligence was proven. (*Mott* v. *Consumers Ice Co.*, 73 N. Y. 543; *Mulligan* v. *N. Y. & R. B. R. Co.*, 129 N. Y. 506; *Grimes* v. *Young*, 51 App. Div. 240; *Murphy* v. *Buckley-Newhall Co.*, 151 App. Div. 520; *Meehan* v. *Morewood*, 52 Hun, 568.) The trial justice erred in charging the jury, in effect, that if the starter attempted to help plaintiff across the street and then suddenly withdrew his arm, causing her to fall, the defendant was liable as a matter of law. (*Kellegher* v. *Twenty-fourth Street, etc., R. R. Co.*, 171 N. Y. 309; *Woods* v. *N. Y. & Q. C. R. R. Co.*, 128 App. Div. 235; *Johnston* v. *N. Y. C. R. R. Co.*, 128 App. Div. 456; *Goodkind* v. *Met. St. Ry. Co.*, 93 App. Div. 153.)

*Vine H. Smith* for respondent. The evidence warranted the conclusion that the defendant's employee, stationed at the point where the plaintiff was waiting to board one of defendant's cars, acted within the scope of his employment in assisting her to cross to the point at which she could board the approaching car; it also established that he was negligent in rendering such assistance and that such negligence was the direct cause of the accident. (*Hanlon* v. *C. R. R. of N. J.*, 187 N. Y. 73.)

POUND, J. This is an action to recover damages for personal injuries. Plaintiff was a music teacher, fifty-eight years of age at the time of the accident. She was active on her feet and went about the city. On the evening of February 13, 1914, she went to Ninth avenue and Nineteenth street in Brooklyn to take a Fifteenth

street car on defendant's street railway.  It was snowing at the time.  While waiting for the car she walked up and down and in and out of a waiting car.  A car starter employed by defendant called the approaching car and plaintiff started towards it.  The starter came up behind and caught her arm.  She says:  " He helped me along towards the Fifteenth Street car when he called out, ' Look out for the car ' and dropped my arm, and I went down," breaking a leg.  She adds:  " He was a kind of support to me.  I depended on him as long as he took hold of me."

No other evidence of negligence is contained in the record and I think we must reach the conclusion that plaintiff failed to make out her cause of action.  The trial court permitted the jury to find, in substance, that plaintiff was relying upon the assistance the starter was giving her in order to remain in an upright position and that she fell, as he should have foreseen, because his assistance was withdrawn suddenly and without warning.

In *Hanlon* v. *Central Railroad Company of New Jersey* (187 N. Y. 73), upon which plaintiff largely relies, a woman was alighting from a car at Jersey City.  The last car step was eighteen or twenty inches above the platform.  As she started to go down the car steps to the platform the conductor took her by the arm to assist her.  She leaned on him.  When she was in the very act of stepping from the last step to the platform he withdrew his support without warning and she fell.  It was held that she could recover because the conductor undertook to assist her in alighting from the car and assisted her in a negligent manner.  When the conductor suddenly withdrew his support, on which the passenger had good reason to rely, she was unstably balanced on the bottom step and her fall was the natural result of his inattention.  But that case is not this case.  Assuming without deciding that the starter was acting within the scope of his employment, it appears that he was, at the most, guiding plain-

tiff a few steps in the direction of the approaching car. The plaintiff does not undertake to say that the support was suddenly or unexpectedly withdrawn or that she fell because it was withdrawn and such conclusions are a far inference from what she did say. She had no reason to expect that the starter would put her on the car. Whatever support he gave her necessarily would be withdrawn at some time before she reached the car. She was not in a precarious position where help was needed nor was she an infirm person who needed help. It does not appear that she was leaning heavily on the starter or that he had any reason to infer that she would fall if he released her arm, or that she had any reason to rely on further support at the time he let go of her arm. We are unable to understand how it could be found that the starter negligently caused her to fall. The jury may have guessed the facts essential to the verdict, but it could not have legitimately inferred them from the evidence.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.