LAWYER WEIDMAN, Respondent, *v.* ELMER KETCHAM, Appellant.

Argued April 18, 1938; decided May 24, 1938.

*Clyde H. Proper* for appellant. The verdict was against the weight of the evidence. (*Rumney* v. *Worthley*, 186 Mass. 144.) The contents of the written card were not disclosed by the defendant. (*Snyder* v. *Andrews*, 6 Barb. 43.)

*William H. Lynes* for respondent. There was a publication of the postcard. (Townshend on Slander & Libel, § 95; *McLaughlin* v. *Schellbacher*, 65 Ill. App. 50; *Callan* v. *Gaylord*, 3 Watts [Pa.], 321; *Fox* v. *Broderick*, Tr. L. C. 453; *Rumney* v. *Worthley*, 186 Mass. 144; *Seip* v. *Deshler*, 170 Penn. St. 334; *Pullman* v. *Hill & Co.*, [1891] 1 Q. B. 524; *Miller* v. *Johnson*, 79 Ill. 58; *Hammond* v. *Stewart*, 72 Ill. App. 512; *Schenck* v. *Schenck*, 20 N. J. L. 208; *Snyder* v. *Andrews*, 6 Barb. 43; *Miller* v. *Donovan*, 16 Misc. Rep. 453; *Van Clief* v. *Lawrence*, 2 City Hall Recorder, 41; *Ostrowe* v. *Lee*, 230 App. Div. 461; 256 N. Y. 36.)

RIPPEY, J. This action was brought to recover damages for libel. After a verdict was rendered for plaintiff, a motion by defendant to set it aside was granted and defendant's motion to dismiss the complaint at the close of plaintiff's case and renewed at the close of all the

evidence, upon which decision had been reserved, was granted. The Appellate Division reversed the judgment entered for defendant and reinstated the verdict. Defendant does not question here that there was sufficient evidence to warrant the jury to find that the written words constituted a libel. He asserts that there was no evidence of publication, without which no action will lie.

There can be no actionable libel unless the defamatory writing, through some act or the carelessness of the defendant, is read by or otherwise communicated to someone other than the person defamed who understood its meaning and knew to whom it referred (*Youmans* v. *Smith*, 153 N. Y. 214, 218; *Snyder* v. *Andrews*, 6 Barb. 43, 46; *Ostrowe* v. *Lee*, 256 N. Y. 36, 38; Townshend on Slander and Libel [4th ed.], § 95; Seelman on the Law of Libel and Slander, § 121). The author may directly publish it. He may read it and give information as to whom it relates to a third party. He may treat the writing in such a way that the natural or reasonably expected result will be that it will come into the hands of a third party before it reaches the person defamed. He might then be required to pay for his improper conduct if the writing is defamatory, malicious, untrue, and not privileged. But if he keeps the writing to himself or communicates it only to the one to whom it relates, there is no publication upon which any suit for damages may be based. Plaintiff set forth in his complaint and attempted to establish at the trial that the libel was published within the meaning of the above (1) at the post office at Schoharie, New York, and (2) at the home of the plaintiff. The question as to whether there was publication at either place was submitted to the jury. It is necessary to consider the testimony in its aspect most favorable to the plaintiff to determine whether or not there was evidence of publication of the libel at either place.

For evidence that the libel was published at the post office, plaintiff must rely on the testimony of the postmaster and that of defendant. If the jury discarded

that, there was no evidence concerning the happenings in the post office. The following appeared from their testimony. The defendant was the assistant postmaster at Schoharie, New York. Early in the morning of October 8, 1934, he wrote upon a postcard which was addressed to the plaintiff at Esperance, New York, the following words: " You want to come and pay for those apples that you have stole out of my orchard or I will have you arrested. Yours, Elmer Ketcham." The postmaster was present in the office at the time the writing was done but was from fifteen to eighteen feet from defendant and did not see the writing on the card. No other person was present. Defendant said to the postmaster that he was sending a card to a man who had been in his orchard stealing apples. The postmaster did not see the address on the card and was not told to whom it was to be sent, nor was the name of any person mentioned. Defendant was either told by the postmaster or decided for himself that the card should not be sent through the mail without being inclosed in an envelope. He thereupon procured a stamped envelope, placed the postcard in the envelope, sealed the envelope and addressed it to the plaintiff. There is no evidence that the postmaster saw the address on the envelope or knew to whom it was to be sent. Defendant's duties were to make up the mail that left the post office each morning in bundles and put them in the mailbag for delivery. He took the sealed envelope, placed it in a bundle with other mail matter, placed the bundle in a bag for delivery and gave the bag to the carrier. Without evidence that the postmaster knew to whom the defamatory card or its containing envelope was addressed or to whom it referred, there was no publication within the meaning of that requirement in the law of defamation (*Miller* v. *Maxwell*, 16 Wend. 9; *Northrop* v. *Tibbles*, 215 Fed. Rep. 99). It is asserted that the jury might infer the postmaster knew and must have known to whom the card was sent. The evidence may have furnished food for speculation. But imagination and speculation are no

substitute for proof. From the evidence here adduced, the jury could not infer the essential fact that the postmaster knew to whom the libel referred (*Pauley* v. *Steam Gauge & Lantern Co.*, 131 N. Y. 90, 100; *Kelly* v. *Nassau Electric R. R. Co.*, 227 N. Y. 39, 42; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58, 69; *Von Reitzenstein* v. *Tomlinson*, 249 N. Y. 60, 67).

The sealed envelope addressed to the plaintiff containing the libelous postcard was delivered the same morning by carrier to the mailbox at plaintiff's premises. Plaintiff was away from home at the time. His wife procured the envelope from the box, opened it, read the contents and handed the card to plaintiff's mother, who also read it. Libelous matter may be published to members of the family of the person defamed the same as to others, and the mere fact of the relationship of the parties would not relieve defendant from the charges and consequences of the publication, if made (*Schenck* v. *Schenck*, 20 N. J. L. 208; *Hammond* v. *Stewart*, 72 Ill. App. 512; *Miller* v. *Johnson*, 79 Ill. 58; *Rumney* v. *Worthley*, 186 Mass. 144).

There is no presumption of fact or law that sealed mail matter addressed to one member of a family will be opened and the contents read by another. The evidence in this case established that plaintiff's wife was not only authorized to open his mail during his absence but had frequently done so. The fact that she was so authorized and that it was the custom and practice for her to open and read plaintiff's mail during his absence is insufficient to fix liability for publication upon the defendant in the absence of knowledge or information on his part that she had and exercised such authority or in the absence of there being reasonable grounds to believe that such an arrangement existed (*Youmans* v. *Smith, supra; Rumney* v. *Worthley, supra*). There was no evidence that the defendant had any knowledge of such authority or practice. He testified that he had no such knowledge. Neither was there any evidence or facts from which any inference might be

drawn that he had reasonable grounds to believe or might have reasonably anticipated or might have delivered the matter with the expectation that it would come into the hands of some third person and be read. In the absence of such evidence, the defendant had the right to assume that the plaintiff alone would first see the contents of the envelope. Subsequent communication by him of the libelous matter to members of his family would have constituted a publication by him and not by the author.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.