WILLIAMS, Respondent v. HOBBS, Appellant

(131 N.W.2d 85)

(File No. 10075. Opinion filed October 27, 1964)

**L. E. Schreyer,** Lake Andes, **Shandorf & Bleeker,** Mitchell, for plaintiff and respondent.

**Brady & Kabeiseman, James E. Doyle,** Yankton, for defendant and appellant.

COOPER, Circuit Judge. This action is brought by Harold Williams, publisher of the Charles Mix County News, against Harry H. Hobbs, a certified public accountant of Yankton, South Dakota. Verdict was rendered for plaintiff, and defendant appeals.

The alleged libelous statements were contained in an audit report on the Geddes Independent School District No. 99 for the period from January 1, 1958 to June 30, 1959, requested by the school board of the district. The report of audit was sent to the President of the school board on May 14, 1960, and on May 16 a copy thereof was sent to the Department of Audits and Accounts at Pierre. Reports of the audit, including the alleged libelous material, were published in a number of newspapers in the area shortly thereafter.

The alleged libelous statements appear on pages 8 and 9 of the audit report:

> "It would appear that 10 column inches of 8 point type in 10 point space should cost the school district 8 times $ .45 or $3.60, instead of $4.50 charged by the paper   *   *   *   It would seem advisable for the Charles Mix County News to compute all of its charges for publishing minutes within the statute of limitations and refund the school district for the overcharges, if any.

> "Mr. Harold Williams, owner and operator of the newspaper, Charles Mix County News, was superintendent of the Geddes Schools at the time he purchased

that paper. It is stated that the Board asked that he be-come superintendent only or editor only and he then re-signed as superintendent somewhat reluctantly. Since that time he has shown interest in the school affairs into a sort of crusade. This crusade is said to be of such zeal at times, that a word of mouth communication is said to exist among candidates for the position of superintendent at Geddes not to take a position at Geddes because some man there makes the Geddes superintendency somewhat difficult.

"Any crusade by any citizen should have as its pur-pose the furthering of the welfare of the Geddes people especially in this instance, the children of Geddes. It would seem that the Charles Mix County News and its editor would improve their local position by charging legal rates for publishing minutes and by refunding past overcharges, if any exist.

"On the basis of our understanding of the school law, it would appear that the Charles Mix County News has overcharged the school district 20 cents out of each dollar charged for publication of board minutes."

In a letter sent with the audit, defendant asked the Depart-ment of Audits and Accounts if they agreed with his analysis of the overcharges. It is apparent that they did not, because de-fendant testified that after the receipt of a letter from the Depart-ment, he prepared a new Page 9, which omitted all references to the crusade by plaintiff, and added the following:

"Published proceedings in 8 pt type set in 10 pt space should have cost 36 cents per column inch under the 1955 law and 46.4 cents under the 1957 law."

It is admitted that defendant erred in using the 1955 law, which had been superseded by the 1957 law as a basis for his original computation. The substituted Page 9, corrected this com-putation, as noted above, which, in effect, conceded that the charges made by the plaintiff were within the legal limits.

On this appeal, no error is assigned as to the admission or rejection of evidence or as to the instructions of the court. Defendant assigns as error the refusal of the court to direct a verdict for the defendant: first, that the statements made were not libelous per se, and no actual damages were proven; second, that the statements were privileged, and the plaintiff failed to prove actual malice; and third, that the statements made were not false. Further error is claimed on the basis that the damages awarded by the jury were excessive.

■ The question whether the verdict of the jury is supported by competent and substantial evidence fairly tending to sustain the verdict is a question of law to be determined by this court. 5 Am.Jur.2d, Appeal and Error, § 831, p. 273.

■ In submitting the case to the jury without proof of special damages, the court correctly ruled that the statements regarding overcharges were libelous per se. Libel is defined by SDC 47.0502 as follows:

> "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

Charges of exacting excessive or exorbitant prices or rates for goods or services, when spoken of a person in respect of his business or profession are actionable as tending to bring him into disrepute, to degrade him in the estimation of his community, to deprive him of public confidence, and so to injure him in his business or profession. 33 Am.Jur., Libel and Slander, § 69, p. 85; Ramharter v. Olson, 26 S.D. 499, 128 N.W. 806; Barron v. Smith, 19 S.D. 50, 101 N.W. 1105.

■ On the third point, the jury found for the plaintiff on the issue of falsity, and there was ample basis in the evidence for such finding. Defendant himself admits that the error occurred in using the 1955 law instead of the 1957 amendment regarding legal printing charges.

On the second point of error, the question is raised as to privilege, and whether malice is proved to destroy such privilege.

This case clearly comes within the provisions of SDC 47.0503:

"A privileged communication is one made:     *     *     *

(3)   In a communication, without malice, to a person interested therein   *   *   *   who is requested by the person interested to give the information".

The audit was requested by the school board, as provided and authorized by SDC 1960 Supp. 15.2231 and 55.2907, and was furnished in compliance therewith.

The question to be resolved, then, is whether there was substantial evidence of malice to support the verdict of the jury. 26 A.L.R. 852. Where a qualified privilege exists, the plaintiff has the burden of proving express malice, or malice in fact. Parr v. Warren-Lamb Lumber Co., 58 S.D. 389, 236 N.W. 291, and cases cited therein. Plaintiff must prove that the libelous statements, although privileged, were not published pursuant to the right and duty which created the privilege, but from some other motive. 33 Am.Jur., Libel and Slander, § 113, p. 116.

There is no evidence of any ill will on the part of the defendant toward the plaintiff prior to or at the time of the publication of the audit report. The defendant was negligent in depending upon a law which had been amended as a basis for his criticism of plaintiff's publication charges. However, mere negligence is an insufficient basis for a finding of express malice. 53 C.J.S. Libel and Slander § 100, p. 159; Peeples v. State, 179 Misc. 272, 38 N.Y.S.2d 690; A. B. C. Needlecraft v. Dun and Bradstreet Inc., 2 Cir., 245 F.2d 775. Likewise, the statements regarding plaintiff's crusade in school affairs, while unnecessary for the purpose of the audit, do not indicate any express malice toward the plaintiff.

This court must conclude, therefore, that the libelous statements regarding the overcharge were privileged, and the plain-

tiff, having failed to prove express malice, cannot sustain his cause of action against the defendant. Accordingly, the judgment appealed from is reversed.

ROBERTS, RENTTO, HANSON and HOMEYER, JJ., concur.

COOPER, Circuit Judge, sitting for BIEGELMEIER, P. J., disqualified.