■ IRVING HOCHBERG et al., Appellants, v ELAINE NISSEN et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered March 25, 1991, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

The complaint was properly dismissed as both time-barred and insufficient to state a cause of action. "There can be no actionable libel unless the defamatory writing, through some act or the carelessness of the defendant, is read by or other-

wise communicated to someone other than the person defamed who understood its meaning and knew to whom it referred" *(Weidman v Ketcham,* 278 NY 129, 131). The reading of an allegedly libelous communication by someone who is not the addressee does not constitute a publication unless the author intended the person to read it *(Kenny v Cleary,* 47 AD2d 531, 532). There clearly has been no publication here of the allegedly defamatory letter since, as plaintiffs claim, an unidentified third party intercepted the letter and, without authorization, opened and read it. With respect to the one-year Statute of Limitations for defamation, which began to run on the date of the first publication *(Gregoire v Putnam's Sons,* 298 NY 119), plaintiffs posit nothing but unsubstantiated inferences as to when publication occurred. The uncontroverted proof of receipt demonstrates publication on September 13, 1989, more than one year before the action was commenced. Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.