■ GEORGE DiLACIO, JR., Respondent, v NEW YORK CITY DISTRICT COUNCIL OF UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA et al., Appellants. [914 NYS2d 309]—

In an action to recover damages for wrongful termination of employment and defamation, the defendants appeal from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 15, 2009, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the complaint is granted.

Since the plaintiff was an employee at will, his allegation that the defendants violated their duty to terminate his employment "only in good faith and with fair dealing" fails to state a cognizable cause of action under New York law (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300 [1983]; *Riccardi v Cunningham*, 291 AD2d 547 [2002]). Under New York law, "absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (*Murphy v American, Home Prods. Corp.*, 58 NY2d at 305). However, contrary to the plaintiff's contentions, his termination was not statutorily proscribed (*see Dilacio v New York City Dist. Council of the United Bhd. of Carpenters & Joiners of Am.*, 593 F Supp 2d 571 [2008]).

The plaintiff's defamation claim also should have been dismissed. The termination letter containing the phrase "severe dereliction of duty" was not published to anyone other than the plaintiff himself (*see Weidman v Ketcham*, 278 NY 129, 131 [1938]; *Hochberg v Nissen*, 180 AD2d 435 [1992]) and no particular text from the status report addressed to the "Brothers and Sisters of Local 157" was set forth in the plaintiff's complaint pursuant to the strict pleading requirements of CPLR 3016 (a) (*see* CPLR 3016 [a]; *Gill v Pathmark Stores*, 237 AD2d 563, 563 [1997]).

To the extent that the plaintiff now seeks either leave to amend the complaint or leave to replead, the issue is not properly before this Court, as the plaintiff did not cross-move for this relief before the Supreme Court (*see Rinaldi v Rochford*, 77 AD3d 720 [2010]; *99 Cents Concepts, Inc. v Queens Broadway, LLC*, 70 AD3d 656, 659 [2010]). Balkin, J.P., Leventhal, Chambers and Sgroi, JJ., concur.